Devert C. FLOYD et al *v.* TOWN of
MAYFLOWER, Arkansas, et al

74-78                                                    511 S.W. 2d 490

Opinion delivered July 15, 1974

*Hartje & Hartje,* by: *Geo. F. Hartje Jr.,* for appellants.

*Bob Dawson,* for appellees.

CONLEY BYRD, Justice. The town of Mayflower proceeded pursuant to Acts 1971, No. 298, to annex several hundred acres of land adjacent to the town. Appellants Devert C. Floyd, et al, brought this action in the chancery court to enjoin the action of the town and its officials. By an amendment appellants brought the county clerk and the county collector into the action on the theory that their acts in extending city taxes against appellants' property amounted to a taking of private property without giving any

compensation. Upon motion of the parties the chancellor transferred to the law docket that part of the action contesting the conduct of the election and the merits of the annexation but retained jurisdiction of that part of the complaint amounting to a collateral attack upon the annexation. When the collateral attack came on for trial in the chancery court, appellants proffered testimony to show that the city would be unable to furnish city services to the annexed area within three years as required by Acts 1971, No. 298. The chancellor sustained an objection to the proffered testimony on the theory that that matter had been transferred to the circuit court and dismissed the collateral attack for want of equity. For reversal appellants contend that Acts 1971, No. 298 is unconstitutional and that the chancellor should have heard their proffered testimony.

Acts 1971, No. 298 provides for annexation of territory by two-thirds vote of the governing body of a municipal corporation submitting the issue of annexation to the qualified electors living both in the city and the area to be annexed. The Act provides that any interested person may contest the annexation within 60 days after the election by filing a petition in the circuit court of the county. Appellants acknowledge that they had ample notice but here contend, without citing any authority, that the Act is unconstitutional because the burden of going forward with the proof is placed upon the objecting property owner. We find no merit in this contention.

Neither do we find merit in the contention that the chancellor should have heard the proffered proof because as we view the record the only matter to which the proof was directed had been transferred to the law docket. Consequently, appellants have no reason to here complain because on that issue they do not have a final decree or order from which to appeal that issue.

Affirmed.